UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:

MICHELLE MARIE DUNN BARLAS                         Chapter 7

   Debtor.                            Bankruptcy No. 05-06861M

ORDER RE:
MOTION FOR VIOLATION OF AUTOMATIC STAY

Debtor Michelle Barlas asks the court to find that Mark D. Sherinian, attorney for Allison Jensen, violated the automatic stay by serving a deposition subpoena on Barlas in a case pending in the U.S. District Court in this district.  Hearing on the motion was held May 9, 2006 in Mason City.  David M. Nelsen appeared as attorney for Barlas.  Mark Sherinian appeared as attorney for Jensen.

In 2004, Jensen filed a civil action in the U.S. District Court for the Northern District of Iowa (No. C04-3081-MWB).  She named as defendants Barlas, Thomas Barlas, Jr. (Michelle Barlas's husband), and George Barlas.  The complaint was in three counts.  Counts I and II were against Thomas Barlas for malicious prosecution and abuse of process, respectively.  Count III was against all defendants for conspiracy.  Jensen alleged that Michelle Barlas and George Barlas conspired with Thomas Barlas to commit wrongs of abuse of process and malicious prosecution.  This action was pending in the District Court when Michelle Barlas filed her chapter 7 petition on October 14, 2005.

In her schedule of creditors holding unsecured claims, Barlas listed Jensen as a creditor.  Her mailing address was shown as being in care of Sherinian at Sherinian's law office.

Notice of the bankruptcy filing was mailed on October 19, 2005 to Jensen in care of Sherinian.  On December 28, 2005, Barlas amended her schedules to show a different address for Sherinian.  The amendment was served by Barlas's attorney on Sherinian.

On January 10, 2006, Jensen timely filed an adversary proceeding in this court (06-9014) seeking a determination that her claims against Barlas be excepted from Barlas's discharge under 11 U.S.C. § 523(a)(6) because Barlas's actions against Jensen constituted willful and malicious injuries.

On January 18, 2006, the bankruptcy court entered a discharge order for Barlas (doc. 13).  The extent of the discharge is subject to Jensen's dischargeability claim.  The discharge order was served on Jensen in care of Sherinian at the address shown for Sherinian in the initial schedules, not at the address shown in the amendment.  I note that subsequent notices have been sent to Jensen at Sherinian's address as shown in the amendment.  Notwithstanding service of the discharge order at the previous address shown for Sherinian, I find that Sherinian had notice and knowledge of the discharge.

On March 15, 2006, Sherinian served a Notice of Depositions on Ronald J. Pepples, the attorney for Thomas and George Barlas in the District Court action.  He notified Pepples that he intended to take the deposition of Michelle Barlas on March 22, 2006, in Mason City (exhibit 1).  He served a copy of the Notice also on David Nelsen, who is Barlas's attorney in the bankruptcy case and in the District Court case.  Sherinian also served a subpoena on Michelle Barlas requiring her to appear for the

2

deposition.

    Prior to serving the subpoena, Sherinian's legal assistant wrote a letter to Nelsen informing him that she had spoken to Nelsen's legal assistant to obtain possible dates for a deposition of Michelle Barlas in the District Court litigation. She told Nelsen that she had not received a response from the assistant so she was contacting him for mutually agreeable dates. She informed Nelsen that the deadline for depositions in the District Court case was set as March 31. She sent Pepples a copy of her letter. As an aside, I would point out that Nelsen represented to this court at the hearing that there had been no extension of the discovery deadline in the civil action beyond December 1, 2005. I take judicial notice that on January 30, 2006, Magistrate Judge Paul A. Zoss extended the discovery deadline to March 31, 2006 (District Court doc. 30).

    Apparently in response to a request from Nelsen to rescind the subpoena, Sherinian wrote to Nelsen and Pepples providing case law support for his contention that the automatic stay did not prevent taking of the deposition of a bankruptcy debtor as a witness (exhibit B). He explained that the intent in subpoenaing Barlas "was purely to obtain her testimony in regard to the allegations against George and Tommy Barlas." Id. He pointed out that he did not serve a notice of deposition on her "as if she was a party." Id.

    Sherinian represented to the court at the hearing that he wanted Michelle Barlas's deposition for Jensen's claims against Thomas and George Barlas because prior discovery in the case had

3

revealed that Michelle Barlas was actively involved in the decision making process in the state court action filed by Thomas Barlas against Jensen.  Jensen claims that the state court action gave rise to Jensen's claim of malicious prosecution and abuse of process.

Michelle Barlas did not appear for the deposition.  This appears to have been on Nelsen's advice (doc. no. 27).  I take judicial notice that Nelsen did not seek a protective order in the District Court.

Barlas's motion does not specifically state against whom it seeks sanctions.  It appears from attorney Nelsen's filing of a document in support of the motion (doc. no. 27), that his target is Sherinian, not Jensen.

Nelsen argues that the service of the subpoena violated the automatic stay; that it is transparent that Sherinian did not seek to depose Barlas as a witness, but rather as a defendant.  He asks that the court find a violation of the automatic stay of 11 U.S.C. § 362(a)(1), and grant appropriate relief.  I note that by the time the deposition was served, a discharge order had entered granting Barlas a discharge.  The stay protecting her was no longer in effect pursuant to 11 U.S.C. § 362(c)(2)(C).  She was protected by the discharge injunction.  11 U.S.C. § 524(a)(2).

The facts in this case are similar to those in <u>Groner v. Miller (In re Miller)</u>, 262 B.R. 499 (B.A.P. 9th Cir. 2001).  In <u>In re Miller</u>, Groner had sued Miller and her husband in state court.  Debtor's Chapter 13 case did not prevent Groner from

4

continuing discovery relating to her claims against the non-debtor husband.  The debtor was obliged to participate in discovery to the same extent she would be as an interested non-party.  In re Miller, 262 B.R. at 504 (quoting Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation, 140 B.R. 969 (N.D. Ill. 1992)).  The debtor "has no ground to interfere with or disrupt discovery that is calculated to lead to evidence admissible" against a non-debtor party; she must comply with subpoenas if the "discovery has utility other than to facilitate recovery against" the debtor.  Id.  Jensen's requested discovery in the District Court case appears to me to have such utility.

Moreover, the court in Miller went on to state that "[i]nformation is information, and we believe the discovery of it as part of the development of a case against non-debtor parties is permissible, even if that information could later be used against the party protected by the automatic stay." Id. at 505.  That statement applies equally as to the discharge injunction.

It appears that Michelle Barlas would be a key witness in the district court case against the other defendants.  It also appears that the subject matter of the deposition would be relevant to the subject matter of Jensen's § 523 claim.  Therefore, even if creditor's attorney erred in not explicitly framing the subpoena as one for a third party deposition (which is doubtful), the same information is discoverable in the bankruptcy proceeding.

I conclude that Sherinian's issuance and service of the subpoena on Barlas on behalf of Jensen in the District Court

5

litigation did not violate the injunction order of 11 U.S.C. § 524(a)(2). Jensen's motion should be denied.

At the close of his argument, Sherinian asked the court to sanction Nelsen, presumably under Fed.R.Bankr.P. 9011, because his motion for sanctions was not based on a substantial legal position. The court declines to do so based on a last minute, oral request.

IT IS ORDERED that Michelle Barlas's motion for sanctions is denied.

DATED AND ENTERED  May 18, 2006
                  _____

*[signature]*

William L. Edmonds, Bankruptcy Judge

6